# F. C. BOWEN v. E. R. PRIEBE.[1]

February 24, 1911.

Nos. 16,731—(54).

**Broker's commission.**

*Held:* (1) The complaint stated a cause of action; (2) the evidence supported plaintiff's claim; (3) the court did not err in its charge; (4) there was no variance between pleading and proof. [Reporter.]

Action in the municipal court of Minneapolis to recover $50 for services rendered in procuring a purchaser for furniture and fixtures in, and the business of, a certain rooming house. The complaint alleged that plaintiff, at the request of defendant, found a purchaser for the furniture, fixtures and business, and that the sale was effected for the price and on the terms demanded by defendant; that plaintiff performed all the services required of him by defendant relative to the finding of the purchaser, and that plaintiff had performed his agreement; that defendant promised to pay plaintiff $50 for his services, but that no part thereof had been paid. The answer was a general denial, except

[1]Reported in 129 N. W. 1055.

the admission of the ownership of the furniture and fixtures and that defend-ant was conducting certain rooming houses. The case was tried before Waite, J., who denied defendant's motion for an instructed verdict, and a jury which returned a verdict in favor of plaintiff for $50.40. From an order denying de-fendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*A. O. Middelstadt*, for appellant.

*Hofstede & Johnston*, for respondent.

PER CURIAM.

Action to recover $50, alleged to have been agreed upon as compensation for finding a purchaser for defendant's rooming house, furniture, and fixtures.

1. The complaint states a cause of action.

2. The evidence supports plaintiff's claim that defendant agreed to pay him $50 if defendant succeeded in exchanging his property for certain real estate belonging to a third party introduced by plaintiff.

3. The court did not err in instructing the jury that it was not uncommon to change a contract to sell property into a contract of exchange of property, with the understanding that the commission to the agent remain the same.

4. That there was a variance between the proofs and the complaint was not raised at the trial.

5. No errors in the charge or rulings.

Affirmed.

SIMPSON, J., took no part.